UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTERTEL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV853 CDP |
| ) | |
| G4S COMPLIANCE AND ) | |
| INVESTIGATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff filed this suit in state court in April of 2009, and defendant removed it to this court in June of 2009. Plaintiff's counsel has not provided any of the disclosures or discovery required in the case. Counsel asserts that this is because of serious medical conditions that have been ongoing since the fall of 2008. Although the Court understands that counsel has suffered medical problems and is sympathetic to those issues, the case needs to go forward. Plaintiff's counsel suggested that the mediation can take place, but defendant understandably points out that it needs discovery before any mediation would be meaningful. Defendant has therefore proposed an additional delay of the deadline for mediation. I am concerned that other deadlines may also need to be adjusted, as the discovery completion deadline is quickly approaching, and because of plaintiff's counsel's issues, no discovery has yet taken place. I will therefore grant

defendant's motion to compel and its motion to extend the dates for alternative dispute resolution.

I caution plaintiff's counsel that this has gone on long enough. Plaintiff was the one who chose to file this lawsuit, counsel has told us that he filed it even though he was already suffering from serious medical problems that interfered with his ability to prosecute the case, and he has provided no suggestion as to what should happen if he remains unable to prosecute the case. It is plaintiff's obligation to move the case forward, and plaintiff must cure its previous non-compliance with its discovery and disclosure obligations. If plaintiff's current counsel is not able to do that, then the plaintiff will need to obtain substitute counsel. It is entirely unreasonable to expect defendant to participate in mediation or settlement discussions if plaintiff has not produced the required disclosures and discovery. Unless plaintiff cures its non-compliance, I will have no choice but to dismiss the case. A dismissal could be either with or without prejudice, but if I allowed the case to be dismissed without prejudice, I would most likely condition any refiling on plaintiff's payment of defendant's attorneys fees expended in its attempts to obtain discovery thus far.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel [#24] and its motion to amend the Case Management Order [#29] are granted.

**IT IS FURTHER ORDERED** that plaintiff must, no later than **Tuesday, February 23, 2010**, provide defendant with its Rule 26 disclosures and complete answers and responses to defendant's first set of interrogatories and first request for production. Counsel is reminded that he is not to file discovery documents with the Court, but instead is required to serve them on opposing counsel only.

**IT IS FURTHER ORDERED** that the deadline for completing mediation is extended, and the mediation must be completed no later than **April 16, 2010**. The parties shall notify the Court of the mediator and the date of the mediation no later than **March 19, 2010**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension [#26] is denied as moot.

*[signature: Catherine D. Perry]*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2010.