UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INTERTEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV853 CDP |
| | ) | |
| G4S COMPLIANCE AND | ) | |
| INVESTIGATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On May 10, 2010, defendant moved for summary judgment on plaintiff's claim for breach of contract. Plaintiff responded on June 2 by filing a motion to dismiss defendant's motion and a motion to extend its time to respond to the motion. In plaintiff's motion to dismiss, it argues that defendant's motion for summary judgment is barred by the doctrines of res judicata and collateral estoppel, because defendant previously filed a motion for summary judgment in this case in state court before the case was removed to federal court.

A review of the evidence submitted by the parties reveals that plaintiff's motion to dismiss is not well taken. Specifically, plaintiff originally filed this breach of contract claim in 2002 in Missouri state court. At trial in state court in 2004, defendant moved for a directed verdict after plaintiff's counsel completed his opening statement, and the trial court granted that motion. That decision was

overturned on appeal in 2006, and the case was remanded for a new trial. Defendant then moved for summary judgment, but the trial court denied that motion because it was filed outside the December 2003 dispositive motion deadline established in the initial case management order. Plaintiff then voluntarily dismissed its claim but soon re-filed it in state court, and defendant removed the case to this Court. Accordingly, the state court did not decide the merits of the motion for summary judgment, and the doctrines of res judicata or collateral estoppel do not bar defendant from filing the motion in this court. *See, e.g., Banks v. International Union Elec., Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052-54 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [#42] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend [#43] its time to respond to defendant's motion for summary judgment is granted in part and denied in part to the extent that plaintiff must respond to defendant's motion no later than **July 6, 2010**.

**IT IS FURTHER ORDERED** that defendant must file its reply to plaintiff's response no later than ten days following the response brief or **July 16,**

**2010**.  All other deadlines established in the case management order remain in effect.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2010.